■ The People of the State of New York, Respondent, v Rodriguece Garcia, Also Known as Carlos Rodriguez, Appellant. [897 NYS2d 84]—

Judgment, Supreme Court, Bronx County (Michael R. Sonberg, J.), rendered June 24, 2008, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree and sentencing him, as a second violent felony offender, to a term of 7½ years, unanimously affirmed.

The sentencing court properly denied defense counsel's request, made on the ground of alleged conflict of interest, for the appointment of new counsel in connection with defendant's motion to withdraw his guilty plea. We find no violation of defendant's right to conflict-free representation (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]; *Hines v Miller*, 318 F3d 157, 162-164 [2d Cir 2003], *cert denied* 538 US 1040 [2003]).

Despite a lengthy colloquy with the court as to the nature of the alleged conflict, defense counsel was only able to state that

defendant appeared to be making claims of ineffective assistance and improper pressure to take the plea, without providing any details. "[A]s is frequently the case, if a defendant's allegations describe only competent counsel's candid advice about the risks of going to trial, counsel will not be placed in an actual conflict between advocating for his [or her] client's interests and his [or her] own" (*United States v Davis*, 239 F3d 283, 286-287 [2001]). Accordingly, we have frequently held there is no constitutional obligation to appoint new counsel for a "routine attorney-coercion claim" whose lack of merit can be readily ascertained (*see e.g. People v Cross*, 262 AD2d 223, 224 [1999], *lv denied* 94 NY2d 902 [2000]).

Defendant argues that the conflict of interest itself prevented his attorney from providing details, so that the court was unable to determine whether defendant's attorney-coercion claim merely involved strong advice to plead guilty, or something more sinister (*see e.g. Davis*, 239 F3d at 287 [counsel allegedly threatened to deliberately neglect case if client did not take plea]). However, there was nothing to prevent the attorney from at least revealing to the court, in camera if necessary, what her client was *alleging*, without admitting or denying anything.

Furthermore, defendant himself made no specific allegations about his attorney's performance. We reject defendant's argument that the court made an insufficient inquiry. The court engaged in a personal colloquy with defendant, who received a full opportunity to offer anything he wished in connection with his motion to withdraw his plea. Defendant made only a generalized claim of being "forced" to take the plea, and the court adhered to its prior denial of the motion.

Finally, we note that there is nothing in the record to suggest that the plea was involuntary, or that counsel provided ineffective assistance in connection with either the plea or the motion to withdraw it. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.