People v Kelley (2018 NY Slip Op 04966)





People v Kelley


2018 NY Slip Op 04966


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7059 5534/07 5582/07 1404/08

[*1]The People of the State of New York, Respondent,
v
Richard Kelley, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 21, 2013, as amended June 7, 2013, convicting defendant, upon his plea of guilty, of course of sexual conduct against a child and endangering the welfare of a child, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
The court properly denied defense counsel's request to be relieved, made after defendant asserted at sentencing that he had pleaded guilty under duress and that his attorneys had not conducted an adequate investigation or prepared a defense. The court's appropriate inquiry demonstrated that there was no good cause for substitution of counsel. Counsel did not take an adverse position on defendant's pro se plea withdrawal motion, and neither defendant's allegations against counsel, nor counsel's assertion that she was consequently unable to "really advise him one way or another on how he should proceed" on his motion, warranted assignment of a new attorney (see People v Garcia, 71 AD3d 555 [1st Dept 2010], affd 16 NY3d 93 [2010]).
The court providently exercised its discretion in denying defendant's motion to withdraw his guilty plea (see generally People v Frederick, 45 NY2d 520 [1978]). Counsel's sound professional advice about the strength of the People's case and the likelihood of conviction after trial was not coercive. Defendant did not substantiate his claim of attorney unpreparedness, including his assertion that counsel was in a position, by calling a witness, to counter or explain damaging admissions that defendant made in certain letters.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK